### City of La Salle v. Thomas Wright.

1. EXCESSIVE DAMAGES—*When $1,200 is.*—$1,200 for the loss of about six weeks' time, and a slight deformity in or depression of the ribs where broken, is excessive.

2. ORDINARY CARE—*Necessary to a Recovery.*—When the evidence shows that the plaintiff, in an action for personal injuries, was not at the time in the exercise of ordinary care for his safety, the verdict in his favor will be set aside.

**Memorandum.**—Action for personal injuries. In the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, presiding. Declaration in case; plea, not guilty; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the May term, 1894. Reversed and remanded. Opinion filed December 13, 1894.

THOMAS N. HASKINS and VINCENT J. DUNCAN, attorneys for appellant.

BREWER & STRAWN, attorneys for appellee.

City of La Salle v. Wright.

Mr. Presiding Justice Lacey delivered the opinion of the Court.

This was an action on the case by appellee against appellant, a municipal corporation, having charge of the streets inside the corporation, and in law bound to use reasonable care to maintain them in a good, safe condition for travel.

The declaration charges the appellant with negligence in failing to maintain a certain portion of one of its streets in a safe condition for travel, to wit, that portion of it where it crosses the Chicago, Rock Island & Pacific Railroad tracks, being an overhead crossing by means of a viaduct.

The charge of negligence consists in the fact as charged, that appellant maintained an earth embankment approaching the viaduct across said track from the south about 150 feet long, rising as it approached the bridge to a height of twenty feet, and being at the bridge about fifteen to twenty feet, or, as some of the evidence shows, thirty-six feet wide, and that it negligently failed to build a wall, fence, railing or protection along the sides of said embankment, and that its slopes were as steep as the dirt would lie; that it was the only way of reaching the business part of the city from south of the Illinois river without making a long detour of half a mile or more to the west, where the railroad was crossed at grade. The declaration charges negligence on the part of appellant in maintaining such a dangerous street in such a locality. It charges that while the appellee was being driven by a driver in a spring wagon with a horse attached over this embankment approaching the bridge, and while in the exercise of care, the horse became frightened at a passing train under the said bridge and backed the wagon, containing appellee, off the embankment, by means whereof appellee was thrown out and fell to the bottom of the embankment and seriously bruised and injured him, and his ribs were broken, by reason of which he suffered pain and was confined to his bed and kept from his employment of coal mining for six weeks, and was permanently disabled, by means of which he suffered $5,000 damages, etc.

The appellee entered plea of not guilty, and the case was

submitted to a jury for trial, which, after hearing the evidence, rendered a verdict of guilty against appellant and assessed appellee's damages at $2,000, but on motion for a new trial, made by appellant, appellee's attorneys remitted $800 of the verdict, and the court overruled the motion for a new trial and rendered judgment against appellant for $1,200 and costs.

From this judgment this appeal is taken and reversal asked on two grounds only: First, the verdict was manifestly against the weight of the evidence; second, the verdict, even after the remittitur, was excessive.

There is no complaint of any action of the court, either as to its rulings on admission of evidence or in its instructions. The only action of the court complained of is in not granting appellant a new trial on the ground of want of sufficient evidence to sustain the verdict, in not finding appellee guilty of the contributory negligence charged, and as to the measure of damages.

The main facts in relation to the circumstances of the accident and resulting injury are, that on the day of the accident, a rock had fallen in the coal mine where appellee and others were at work, and badly injured a fellow-workman of appellee.

Thomas Cook and the appellee were directed to take the man home with a horse and spring wagon belonging to the mining company.

The evidence tended to show that the horse was a large, gentle animal and was intrusted to Cook to drive. Appellee and Cook sat on the front seat and Thomas Powell, the injured miner, and his son, behind. Cook and Powell were on the right side of the wagon and appellee and the injured man's son on the left side with the injured man between them. They drove slowly along the embankment approaching the railroad bridge which they were aiming to cross, and just as the horse stepped on the viaduct a passenger train shot from behind Byrne's elevator, situated along the railroad track, and ran under the viaduct, at the same time whistling and throwing up a cloud of steam and smoke in front of the horse. The horse reared up, as claimed by

appellee, and backed, and appellee with his hands grasped the reins in front of Cook; the wagon cramped to the west and went over the bank with the horse about twenty-five or thirty feet south of the bridge. As the wagon went over, Cook and Powell, being on the east side, saved themselves by jumping; but the others went over with the wagon. The appellee had two ribs broken and called a physician, who bandaged up his broken ribs. He was wholly disabled from following his occupation as a coal miner for about six weeks, and felt the effects of it for six months, and sometimes up to time of trial, as he testified, he felt it yet when he worked hard. There does not appear to be any permanent injury, unless a depression where the ribs were broken causing slight deformity, is permanent. There was nothing to obstruct the view of the Rock Island railroad track from the road on which appellee was approaching the bridge for a long distance, until after appellee reached within sixty feet of the bridge; then the view was obstructed by Byrne's warehouse. Any time before that for a considerable distance appellee could have seen an approaching train for at least one-half mile. He did not, nor did Cook, who was driving, look for the approaching train, for the reason they did not think of it. Therefore appellant contends that appellee failed to exercise ordinary care in not looking for the approaching train while approaching the railroad bridge, and that he caused the horse to back over the embankment by grabbing and pulling on the lines and pulling the horse back. The appellee appeared to be badly frightened when he grabbed the lines but denies that he pulled the horse back and asserts the horse reared up on his hind feet before he took hold of the lines.

The contention of appellant that appellee caused the horse to back by pulling on the lines is supported by the evidence of Mr. Byrne, who stood in the middle of the bridge, and by Mrs. Anne Simpson, who was sixty or eighty feet north, who testified appellee pulled the lines very hard and backed the wagon off the embankment.

It is contended that admitting all that the evidence tends to prove, the verdict ought to be set aside, and even that if

the verdict could be sustained, the injury was so slight that the sum of $1,200 would be excessive. It is not contended that evidence does not justify the jury in finding that the appellant was not in the exercise of ordinary care, in not having some kind of a guard along each side of the high embankment to prevent teams from running off, and to prevent such accidents as this.

We have examined the evidence and think the above a fair statement of the principal facts as shown by the abstract. We are of the opinion that the jury were not justified in finding the appellee free from contributory negligence. The evidence clearly preponderates in favor of appellant's claim, that appellee himself backed the horse off the embankment, and but for such act on his part, the horse would not have backed off, as he did, and the accident not have happened. Appellee failed to hear or refused to obey the calls of Byrne, who was close by, to " not pull on the lines." Although he may have been frightened, we think no reasonable man under the circumstances would have acted as reckless a part as he, in pulling the lines. Then there was no care at all shown in approaching this crossing to discover the approach of the train, though this might not alone be sufficient to reverse, if there was no other error, as this was not a grade crossing.

We also think the damages of $1,200 for the loss of about six weeks' work and the slight injury received by appellee is excessive, and the jury was regardless of appellant's rights in the premises in awarding $2,000. For the manifest disregard by the jury of the evidence in the case, the judgment will be reversed and the cause remanded.